IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:10-CV-133-BO

| | |
|---|---|
| SHAJUANA CLEMONS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, Commissioner of ) <br> Social Security, ) <br> ) <br> Defendant. ) <br> ) | ORDER |

This matter is before the Court on Plaintiff and the Government's Motion for Judgment on the Pleadings. The Government's Motion is GRANTED.

I. PROCEDURAL HISTORY

Plaintiff filed applications for disability insurance benefits and supplemental security income on July 23, 2007. Plaintiff claimed disability for degenerative joint disease of both knees, obesity, ganglion cyst on the right wrist, and major depression. Plaintiff initially alleged disability beginning September 1, 2006, but later amended the onset date to January 1, 2007. (T p. 31). The claims were denied initially and on reconsideration.

On December 15, 2009, Administrative Law Judge Larry A. Auerbach ("ALJ") held a video hearing. At step one, the ALJ found the Plaintiff had not engaged in substantial gainful activity since January 1, 2007. At step two, he found the Plaintiff had the severe impairments of degenerative joint disease in the knees, obesity, and history of ganglion cyst on the right wrist,

status post-surgical repair. (Tr. 12). The ALJ also found the Plaintiff does not meet a statutory listing.[1] Additionally, the ALJ determined that Plaintiff had the following RFC:

> She can lift and carry 20 pounds occasionally and 10 pounds frequently. She requires a sit/stand option whereby standing is limited to 20 minutes at a time and sitting is limited to 30 minutes at a time. She can occasionally climb ramps and stairs. She must never climb ropes, ladders, or scaffolds. Her ability to stoop is limited. She can rarely kneel and must never crouch or crawl. She can occasionally bend. Prior to her wrist surgery and in the recuperative period thereafter her ability to use the nondominant hand to grip and grasp was occasional.

(Tr. 14). The vocational expert named the following positions that such an individual could perform: check cashier (sedentary, semiskilled with a sit/stand option); food checker (sedentary, semiskilled with a sit/stand option); food and beverage order clerk (sedentary, unskilled with a sit/stand option). (Tr. 42-43).[2] Thus, the ALJ found the Plaintiff could perform jobs available in the regional and national economy.

The ALJ issued an unfavorable decision on February 1, 2010. (T pp. 9-19). The Appeals Council denied request for review, making the ALJ's decision became the final decision of the Commissioner. This Court now reviews the pursuant to 42 U.S.C. §405(g).

## II. DISCUSSION

Plaintiff claims the ALJ erred in finding that Plaintiff's bilateral knee impairment does not meet a listed impairment and in finding that Plaintiff has the capacity to perform light work. The Court finds the ALJ made no error as the ALJ's findings and conclusions were all supported by substantial evidence.

### A. Standard of Review

---

[1] At step 4, Plaintiff does not seem to have any past work history.

[2] Plaintiff's attorney asked the vocational expert to consider a person with the same age, education, past relevant work experience as Plaintiff and who is limited to no more than 20 pounds occasionally and 10 pounds frequently for lifting, and could not stand more than two hours of an eight-hour day, and is unable to bend, stoop, squat, crawl, kneel, or grip or gasp more than occasionally with the nondominant extremity (Tr. 46). The vocational expert testified that such an individual could still perform the sedentary positions she identified earlier (Tr. 46).

The Social Security Act defines "disability" as an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." See 42 U.S.C. § 423(d)(1)(A).

In reviewing a final decision of no disability by the Social Security Administration Commissioner, the Court must determine whether the Commissioner's decision is supported by substantial evidence under 42 U.S.C. § 405(g), and whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law.

The Social Security disability analysis follows five steps. An ALJ must consider (1) whether the Plaintiff is engaged in substantial gainful activity, (2) whether the Plaintiff has a severe impairment, (3) whether the Plaintiff has an impairment that meets or equals a condition contained within the Social Security Administration's official list of impairments, (4) whether the Plaintiff has an impairment which prevents past relevant work, and (5) whether the Plaintiff's impairment prevents the performance of any substantial gainful employment. 20 C.F.R.§§ 404.1520, 1520a.

The plaintiff bears the burden for steps one, two, three, and four, while the Defendant shoulders the burden for step five. If the Plaintiff shows by a preponderance of evidence that he has a statutory impairment under step three, he is conclusively presumed to have a disability and the analysis ends. Bowen v. Yuckert, 482 U.S. 137, 141 (1987).

B. Substantial evidence supports the finding that Plaintiff does not meet a listing

Plaintiff argues her knee condition meets Listing 1.02A for a major dysfunction of a major peripheral weight-bearing joint. This claim is meritless.

Listing 1.02A requires the existence of a "gross anatomical deformity" and "chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), with "A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b." 20 C.F.R. pt. 404, subpt. P, app. 1, Listing 1.02.A. "Inability to ambulate effectively" means:

> an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.

Listing 1.00.B.2.b(1). In addition, Plaintiff must establish that the "functional loss," i.e., the inability to ambulate effectively," occurred on a "sustained basis" and "must have lasted, or be expected to last, for at least 12 months." Listing 1.00.B.2.a.

Here, the medical evidence shows that Plaintiff was generally able to walk effectively. Except immediately following her left knee arthroscopy in March 2007, and her right knee arthroscopy in June 2007, medical and physical therapy records establish that Plaintiff was able to walk to, from, and during appointments without the use of a hand-held assistive device through much of 2007 and all of 2008 and 2009. (See, e.g., (2007) Tr. 500, 527, 579; (2008) Tr. 600, 652, 699, 725, 744, 758, 897); (2009) Tr. 705, 776, 787, 791, 793, 844, 868). Medical records show that Plaintiff may have walked, on infrequent occasion, with a minor limp following minor incidents. (See, e.g., Tr. 744, 750, 758). However, the existence of a minimal limp on an infrequent basis is insufficient to meet Listing 1.02.A.

Thus, the ALJ properly found Plaintiff did not meet her burden to show she met a listing.

### C. Substantial evidence supports that Plaintiff had RFC to perform light work

Next, Plaintiff claims her physical limitations and depression prevent her from performing light and sedentary work. This claim is meritless.

#### i. Physical Limitations

Plaintiff first argues that an RFC for light work is inconsistent with the ALJ's finding that she was limited to standing for 20 minutes at a time and sitting for 30 minutes at a time. Plaintiff argues that "[l]ight work by its very definition requires a good deal of walking or standing."

This argument is somewhat puzzling, as the ALJ explicitly included in the RFC and hypothetical a sit/stand option with standing limited to 20 minutes at a time and sitting limited to 30 minutes at a time. Moreover, since the VE provided only sedentary jobs in response to the hypothetical, Plaintiff can prevail only if she can establish that substantial evidence does not support the ALJ's finding that she was capable of performing sedentary work.

Plaintiff attempts to use her subjective complaints to refute her ability to perform light and sedentary work. She states she can only stand 15 minutes at a time, sit for 15 to 20 minutes at a time, walk only short distances, and never squat, bend, stoop, kneel or crouch. Id. To support this testimony, Plaintiff states—without citing to the record—that she used a cane to ambulate up until a few months prior to the hearing. Id. Accordingly, she contends that she is unable to perform the requirements of sedentary work. Id. at 11.

Substantial evidence however, supports the ALJ's finding (Tr. 14-15) that Plaintiff's subjective complaints were not generally credible. As stated above, multiple doctors noted that Plaintiff had only minimal difficulty walking throughout 2007, 2008, and 2009. Additionally, multiple records show Plaintiff exhibiting marked improvements during this time period in

walking, exercise, as well and normal leg and knee motion. See, e.g., (Tr. 500, 580, 738, 897, 793). Plaintiff could also perform substantial activities of daily living. (Tr. 12).

Additionally, the ALJ adequately accounted for Plaintiff's claim that her manual dexterity is affected by the ganglion cysts in her wrists. Specifically, in the RFC and hypothetical, the ALJ included that "[p]rior to her wrist surgery and in the recuperative period thereafter her ability to use the non-dominant hand to grip and grasp was occasional" (Tr. 14). Plaintiff does not allege continuing difficulty post-surgery.

Thus, substantial evidence supports the ALJ's RFC findings pertaining to Plaintiff's physical limitations

ii. Mental limitations

Plaintiff also argues that her depression prevents her from doing light or sedentary work. Her motion implies, without any support, that she has interrupted concentration, persistence and pace for up to a third of the workday. Mot. at 12. She also argues that the ALJ erred in finding the depression to be non-severe impairment. These arguments are unpersuasive.

Plaintiff failed to testify at her administrative hearing about being functionally limited due to depression (Tr. 12). Further, the ALJ noted that Plaintiff's alleged depression appeared to be the result of being overwhelmed with parental responsibilities, stress, and difficulties with romantic relationships. Id. Notes from her therapy sessions indicate no significant functional limitation resulting from her alleged depression. (See, e.g., Tr. 814, 815, 822, 823, 828, 830, 831). In fact, when Plaintiff reported having established a new relationship, on September 16, 2009, she reported feeling less depressed and anxious (Tr. 815).

Thus, there was insufficient evidence to show thta Plaintiff was severely impaired by impression, or that depression affected her RFC. Regardless, the ALJ incorporated a mental

limitation into the hypothetical–that Plaintiff was occasionally limited in her ability to maintain concentration, persistence, or pace. (Tr. 44). The VE testified that such an individual would still be able to perform sedentary jobs available the regional and national economies. This limitation was more than adequate to convey Plaintiff's mental impairments.

## CONCLUSION

The ALJ's finding and conclusions are supported by substantial evidence. The Government's Motion for Judgment on the Pleadings is GRANTED.

SO ORDERED, this __27__ day of July, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE